UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO M.R.,<br><br>        Petitioner,<br><br>    v.<br><br>POLLY KAISER, et al.,<br><br>        Respondents. | Case No. 25-cv-05436-RFL<br><br>**TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

On June 30, 2025, Petitioner filed an *ex parte* motion for temporary restraining order and preliminary injunction ("Motion") to enjoin the U.S. Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") from re-arresting him. (Dkt. No. 2.) Petitioner asserts that he was released on bond in March of 2023 and that Respondents plan to re-detain him on July 1, 2025, at 8:00 a.m. (*Id.*) On June 30, 2025, at 3:30 p.m., the Court held an emergency hearing via zoom on Petitioner's Motion, at which Petitioner's counsel and Respondents' counsel appeared. (Dkt. No. 8.) Prior to the hearing, the Court reviewed the Petition, the Motion, and a declaration and related papers filed by Respondents immediately before the hearing. (Dkt. No. 7.) At the hearing, the Court gave a tentative ruling, and heard argument from both parties. (Dkt. No. 8.) The following Order incorporates and adopts the tentative reasoning stated on the record at the hearing.

The additional authorities cited by Respondents at the hearing do not change the Court's determination. *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) presented a fundamentally different issue than this case, for two reasons. First, Petitioner is subject to an immigration detention provision that "lack[s the] process" available to petitioners in *Rodriguez*

*Diaz*. *See* 53 F.4th at 1202–03.  While *Rodriguez-Diaz* found that "Section 1226(a) offers substantial procedural protections to detained persons" subject to prolonged detention, *id.* at 1193, the same is not true of 8 U.S.C. § 1231(a)(6), which provides no right to a bond hearing.  Second, *Rodriguez-Diaz* involved the liberty interests of those already in detention, rather than those of an individual who has spent more than two years released on bond.  Just as the liberty interests of a parolee who is re-arrested differ from the interests of an inmate who seeks to have a parole board review the terms of his incarceration, Petitioner has asserted liberty interests that differ from the liberty interests of a detained person in *Rodriguez Diaz*, and yet he will be afforded more limited process.  There is a serious question as to whether that satisfies the constitutional requirements of due process.

*Uc v. Kaiser*, No. 22-cv-04369, 2022 WL 9496434 (N.D. Cal. 2022), is likewise unhelpful.  The petitioner in *Uc* did not have a due process right to a second bond hearing because his liberty interests were diminished after the BIA vacated on appeal the Immigration Judge's ("IJ") order releasing him on bond.  *Id.* at *3.  A second bond hearing would thus undermine the government's interest in being able to "meaningfully appeal an IJ's bond determination to the BIA." *Id.* at *4.  Unlike the petitioner in *Uc*, Petitioner is not challenging his initial bond decision following "routine and foreseeable appellate review," because the government never appealed Petitioner's original bond determination.  *Id.* at *3.  Indeed, *Uc* specifically distinguished the liberty interests at stake in re-arrests that "did not involve a challenge to the initial detention or bond decision," such as the one at issue here.  *Id.*

      Respondent further cites to 8 C.F.R. 241.13(d)(1) and (j) to support the proposition that Petitioner will have sufficient opportunity to challenge his detention after he is re-arrested.  Section (d)(1) provides that "[a]n eligible alien may submit a written request for release to the [ICE headquarters] asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future," and Section (j) allows submission of a "request for review of his or her detention . . . six months after the Service's last denial of release under this section[.]"  But neither process appears to involve a hearing, let alone

2

one before a neutral decisionmaker, and no timeline is specified by which the initial review of Petitioner's detention would occur.  Nor have Respondents identified any other means by which Petitioner may challenge his detention or bond revocation in the near future.

Moreover, the information provided at the hearing confirms that the balance of equities tips sharply in Petitioner's favor.  Respondents waited over six weeks from the incident at issue to try to arrest Petitioner, and when they determined to do so, they set up an appointment where Petitioner received advanced notice of his planned detention.  As Respondents' counsel conceded, ICE likely had the ability to obtain the police report when it learned of the arrest in mid-May.  Yet, Respondents either did not obtain the police report, or obtained it and did not seek to arrest Petitioner, given the circumstances.  Respondents' course of conduct demonstrates their lack of urgency, as does Respondents' request for a more extended briefing and hearing schedule than initially proposed by the Court in the event a temporary restraining order was granted.

Having reviewed the additional authority cited by the parties, and for the reasons described at the hearing, the Court enters the following temporary restraining order.

## I. ORDER

For the forgoing reasons, **IT IS HEREBY ORDERED** that Petitioner's Motion for a Temporary Restraining Order is **GRANTED** to preserve the status quo pending further briefing and a hearing on this matter.  Respondents, and all their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them, are hereby **ENJOINED** and **RESTRAINED** from re-arresting and re-detaining Petitioner until July 14, 2025 at 5:00 p.m.

Respondents are **ORDERED TO SHOW CAUSE** in-person at a hearing on **July 14, 2025, at 1:00 p.m.** why a preliminary injunction should not issue.  Respondents shall file a response to Petitioner's Motion by no later than July 7, 2025, at 1:00 p.m.  Petitioner may file a reply by no later than July 10, 2025, at 1:00 p.m.

Petitioner shall serve this Order, the Petition, and the Motion for Temporary Restraining

Order by July 2, 2025, and file proof of service.  No security bond is required.

**IT IS SO ORDERED.**

Dated: June 30, 2025 at 7:00 p.m.

                                                            RITA F. LIN
                                                            United States District Judge